■ SALLY LU FASHIONS CORP. et al., Respondents, v A-CHAU REALTY CORP., Appellant, et al., Defendants. [595 NYS2d 23] — Judgment of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered on October 29, 1991, which, following a jury trial, awarded the sum of $36,083.56 in favor of plaintiff Sally Lu Fashions Corp. and the sum of $5,629.37 in favor of plaintiff Dorby Frocks, Ltd., is unanimously reversed on the law and the facts and the complaint dismissed, without costs or disbursements. The Clerk is directed to enter judgment in favor of defendant-appellant severing and dismissing the complaint as against it.

Defendant-appellant A-Chau Realty Corp. rented commercial space to plaintiffs pursuant to leases that required the tenants to "take good care of the demised premises including bathroom and lavatory facilities." There was also a provision authorizing the right of entry "in any emergency at any time, and, at other reasonable times, to examine the same and to make such repairs, replacements and improvements as Landlord may deem necessary and reasonably desirable to the demised premises or to any other portion of the building." On April 20, 1987, water overflowed one of the toilets on the fifth floor, which was occupied by another tenant, causing damage to plaintiffs' property some floors below. There is evidence that the overflow was due to a roll of toilet paper having fallen into the toilet.

An examination of the record reveals no evidence that at any time prior to the incident in question there was water

leakage from the fifth floor, or that the subject toilet facility was in disrepair or that the landlord had any notice of such conditions. The fact that certain tenants may have performed repairs or improvements on, or even replaced, toilets in the building does not negate the need for proof of the defective condition which caused the overflow and that the landlord had knowledge, either actual or constructive, of the problem. Under such circumstances, the out-of-possession defendant-landlord is not responsible for plaintiffs' losses notwithstanding the right to reenter under the lease. *(See, Tanoury v Cancilla,* 149 AD2d 960.) Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.